United States District Court
Southern District of Texas
**ENTERED**
August 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA MATAMOROS, Individually and as Representative of the Estate of ISIDRO MATAMOROS, deceased; *et al.*, | § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL CASE NO. H-23-1541 |
| DRAGADOS, S.A., *et al.*, | | |
| Defendants. | | |

**ORDER DENYING REMAND**

The plaintiffs seek to remand this case to state court on the ground that the nondiverse defendant, JB Pinnacle Group, LLC, is improperly joined. The court finds that the record supports federal removal jurisdiction and denies the motion to remand. The reasons are set out below.

**I.  Analysis**

This is a wrongful death case arising from an accident at a construction site. The plaintiffs allege that JB Pinnacle was "tasked with concrete pouring and concrete work to be carried out" at the site, (Docket Entry No. 1-2 at 39)[1]; that JB Pinnacle had a duty to help make the site safe for the workers; and that JB Pinnacle's negligence contributed to making the site unreasonably dangerous. The plaintiffs allege that JB Pinnacle is a subsidiary of Grupo ACS. (*Id.* at 41). The defendants state that JB Pinnacle is not related to Grupo ACS, (Docket Entry No. 1-5 ¶ 3), and that the plaintiffs cannot recover from JB Pinnacle, making its joinder improper.

---

[1] Citations to Docket Entry No. 1-2 are to the blue CM/ECF pagination in the document header.

"[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021). The defendants rely on the second way to establish improper joinder. The Fifth Circuit has held that:

> [i]mproper joinder occurs when a plaintiff is unable "to establish a cause of action against the non-diverse party in state court." The test is whether there is "no possibility of recovery by the plaintiff against an in-state defendant" or "no reasonable basis for [predicting recovery] against an in-state defendant." To determine if there was improper joinder, the district court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Id.* at 1046 (footnotes and citations omitted).

The plaintiffs allege that "[u]pon information and belief, JB Pinnacle was tasked with concrete pouring and concrete work to be carried out on the [construction project], including the use of heavy machinery at the project site." (Docket Entry No. 1-2 at 39). They allege that "JB Pinnacle contributed to making the project area unreasonably dangerous, especially the tight and unsafe working condition[s] in the incident area where Isidro Matamoros was struck." (*Id.*). They also allege that JB Pinnacle "committed acts and omissions, which collectively and separately constitute negligence and gross negligence." (*Id.* at 43). The complaint does not allege that JB Pinnacle is liable as the alter ego of any other defendant. (*See id.* at 3–4 (referring only to the Dragados and ACS entities)).

2

The allegations against JB Pinnacle are conclusory and do not state a claim. The complaint does not provide facts alleging how JB Pinnacle made the worksite unsafe, and how JB Pinnacle's failures contributed to Mr. Matamoros's death. The plaintiff simply alleges that the conditions were "tight and unsafe." Allegations that the worksite was "tight," without more, does not state a claim for negligence.

Because the court must determine federal jurisdiction based on the operative complaint, and the court has found that it contains only conclusory allegations against JB Pinnacle, it is improperly joined. The motion to remand is denied.

## II.     Conclusion

The court denies the motion to remand. (Docket Entry No. 4).

SIGNED on August 18, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge